

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

May 21, 1969

Honorable James E. Barlow,
Criminal District Attorney
Bexar County
San Antonio, Texas

Opinion No. M-403

Re: Whether advertisement
and competitive bidding
on all purchases is
required of Bexar County.

Dear Mr. Barlow:

In a recent letter to this office you requested
an opinion in regard to the above referenced matter. We
quote from your letter as follows:

"Is advertisement and competitive bidding on
all purchases required of Bexar County?"

In connection with this request, you have advised
us that the assessed valuation of Bexar County is $748,000,000.00
and that the population of Bexar County, according to the
1960 census is 687,151. Therefore, H.B. 33, Acts of the
61st Legislature, Regular Session 1969 (Article 1659b, V.C.S.),
is not applicable to Bexar County, because the act requires
an assessed valuation of $800,000,000.00 or more. Likewise,
Article 2368a of Vernon's Civil Statutes referred to in
your request is only applicable to counties having a population
of 350,000 or less, and does not apply to Bexar County. See
Attorney General Opinion No. WW-406 (1958).

You have advised this office that Bexar County has
adopted The Optional Road Law of 1947, same being Article
6716-1 of Vernon's Civil Statutes of Texas, as amended.

Section 15 of Article 6716-1, Vernon's Civil Statutes
of Texas, provides as follows:

"All equipment, materials and supplies for the
construction and maintenance of county roads and

for the county road department shall be purchased
by the Commissioners Court on competitive bids in
conformity with estimates and specifications pre-
pared by the County Road Engineer; except when
upon recommendation of the County Road Engineer and
when in the judgment of the Commissioners Court it
is deemed in the best interest for the county to do
so, purchases in an amount not to exceed One Thousand
Dollars ($1,000.00) may be made through negotiation
by the Commissioners Court or the Commissioners
Court's duly authorized representative, upon
requisition to be approved by the Commissioners
Court or the County Auditor without advertising
for competitive bids. . .The provisions of this
section shall not be construed to permit the
division or reduction of purchases for the purpose
of avoiding the requirement of taking formal bids
on purchases which would otherwise exceed One
Thousand Dollars ($1,000.00). As amended Acts
1957, 55th Leg., p. 24, ch. 17 § 2." (Emphasis
added.)

Section 15 of Article 6716-1, supra, requires
that all equipment, materials and supplies for the construction
and maintenance of county roads and for the county road
department shall be purchased by the Commissioners Court
on competitive bids in conformity with estimates and specifi-
cations prepared by the County Road Engineer. However,
that section further provides that upon recommendation by
the County Road Engineer and when in the judgment of the
Commissioners Court, it is deemed in the best interest of
the county for the county to do so, purchases in an amount
not to exceed $1,000.00 may be made through negotiations
and by following certain procedures, therein set out, with-
out advertising for competitive bids.

In view of the holding in <u>Patten v. Concho County</u>, 196 S.W.2d 833-834, (Tex.Civ.App. 1946, no writ) in which the Court held that road machinery does not fall within the terms "supplies and materials" as that term is used in Art. 1659 of Vernon's Civil Statutes of Texas, it is necessary that we must determine whether the wording of Sec. 15 of Art. 6716-1, supra, which states "all equipment, materials and supplies. . ." includes road machinery.

In the case of <u>Holtz v. Babcock</u>, 389 P.2d 869, 874 (Mont. Sup. 1964) the Court stated:

"Webster's Third New International Dictionary defines 'equipment' as 'The implements (as machinery or tools) used in an operation or activity', 'all the fixed assets other than land and buildings of a business enterprise;' 'the rolling stock of a railway', 'equipment usually covers everything, except personnel, needed for the efficient operation or service* * '"

In accord, Words & Phrases Vol. 14a.

In view of the foregoing, it is our opinion that the word "equipment" as used in Sec. 15 of Art. 6716-1, supra, includes road machinery.

Article 1659 of Vernon's Civil Statutes of Texas, provides as follows:

"<u>Supplies of every kind</u>, road and bridge material, or <u>any other material</u>, for the use of said county, or any of its officers, departments, or institutions <u>must be purchased on competitive bids</u>, the contract to be awarded to the party who, in the best judgment of the commissioners court, has submitted the lowest and best bid. The county auditor shall advertise the bidding at least once a week for two consecutive weeks in at least one daily newspaper published and

circulated in the county. The advertisements shall state where the specifications are to be found, and shall give the time and place for receiving the bids. Publication of the first advertisement shall precede the last day for receiving bids by at least 14 days. All such competitive bids shall be kept on file by the county auditor as a part of the records of his office, and shall be subject to inspection by any one desiring to see them. Copies of all bids received shall be furnished by the county auditor to the county judge and to the commissioners court; and when the bids received are not satisfactory to the said judge or county commissioners, the auditor shall reject said bids and readvertise for new bids. In cases of emergency, purchases not in excess of $300 may be made upon requisition to be approved by the commissioners court without advertising for competitive bids. Acts 1965, 59th Leg., p. 944, ch. 458, § 1" (Emphasis added.)

It is to be noted in Article 1659, supra, that competitive bids are required on supplies of every kind, or on any other material for the use of said county, except in cases of emergency, when purchases not in excess of $300 may be made upon requisition to be approved by the commissioners court without advertising for competitive bids.

Article 2359 of Vernon's Civil Statutes of Texas reads as follows:

"The commissioners court shall advertise at least once in every two years, for sealed proposals to furnish blank books, legal blanks, stationery and such other printing as may be required for the

county for the term of such contract, and
shall receive separate bids for the different
classes hereinafter designated. Such advertise-
ment shall be made by the county clerk, who shall
notify by registered letter, each newspaper and
job printing house in the county, and at least
three stationery and printing houses in the State,
of the time said contract is to be awarded, and
of the probable amount of supplies needed."
(Emphasis added.)

It can thus be said that the purchase of legal
blanks, stationery, printing and similar supplies are con-
trolled by this article, by competitive bids.

## S U M M A R Y

Under the provisions of Section 15 of
Art. 6716-1, Art. 1659, and Art. 2359 of Vernon's
Civil Statutes of Texas, Bexar County is required
to advertise for competitive bids on all purchases
made, subject to the exceptions as set out in
Sec. 15 of Art. 6716-1 and Art. 1659, Vernon's Civil
Statutes.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John H. Banks
Assistant Attorney General